■ COVENTRY EDWARDS-PITT, Appellant-Respondent, v JOHN DOE, Doing Business as LONGSTAFF PAVING & EXCAVATING, et al., Defendants, and JOHN DONOVAN et al., Respondents-Appellants. [751 NYS2d 295] —In an action, inter alia, to compel the determination of claims to real property pursuant to RPAPL article 15, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Orange County (Slobod, J.), dated October 3, 2001, as denied that branch of her motion which was for summary judgment dismissing the counterclaim of the defendants John Donovan and Miriam Donovan insofar as it was for a judgment declaring that they need not remove certain blacktop located on their real property, a portion of a drainage system abutting that blacktop, and a swale located on their real property, and the defendants

John Donovan and Miriam Donovan cross-appeal, as limited by their brief, from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them and as granted that branch of the plaintiff's motion which was for summary judgment dismissing the counterclaim insofar as it was for a judgment declaring that John Donovan and Miriam Donovan could prevent the removal of certain blacktop located on her real property and the portion of the drainage system abutting that blacktop.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the plaintiff's contention, the Supreme Court properly denied that branch of her motion which was for summary judgment dismissing the counterclaim of the defendants John Donovan and Miriam Donovan insofar as it was for a judgment declaring that they could prevent the removal of certain blacktop located on their real property, a portion of a drainage system abutting that blacktop, and a swale located on their real property, on the ground of trespass. The court properly held that issues of fact existed as to whether, and to what extent, those improvements adversely affected the plaintiff's property and/or easement rights (see Zuckerman v City of New York, 49 NY2d 557; Lewis v Young, 92 NY2d 443; Wilson v Palmer, 229 AD2d 647; Kossoff v Rathgeb-Walsh, 3 NY2d 583).

The court properly determined that the Donovans have no right to prevent the removal of the existing drainage system or the blacktop on the plaintiff's property or the portion of the drainage system abutting that blacktop, as the installation of the blacktop and the drainage system on her property constituted trespass. The plaintiff submitted sufficient evidence entitling her to summary judgment dismissing the counterclaim insofar as it was for a judgment declaring that they need not remove certain blacktop located on her real property and the portion of the drainage system abutting that blacktop as a matter of law on that ground.

In light of these issues, the Supreme Court properly denied the cross motion of the Donovans for summary judgment seeking dismissal of the plaintiff's complaint insofar as asserted against them.

The remaining contentions of the parties are without merit. Ritter, J.P., Friedmann, H. Miller and Cozier, JJ., concur.